Lawrence J. Quinn (VSB #43119)
Tydings & Rosenberg LLP
100 East Pratt Street, 26th Floor
Baltimore, Maryland 21202
Telephone:  410-752-9700
Facsimile:  410-727-5460
Email:  lquinn@tydingslaw.com
Attorneys for 8334 Leesburg Pike Associates

**UNITED STATES BANKRUPTCY COURT
FOR THE
EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)**

| | |
|---|---|
| In re: | ) |
|  | ) |
|    **FITNESS RESOURCE, INC.,** | )    Case No. 11-16630 - BFK |
|  | )    **(Chapter 11)** |
|    **Debtor.** | ) |

**8334 LEESBURG PIKE ASSOCIATES' LIMITED OBJECTION TO
DEBTOR'S MOTION TO APPROVE REJECTION OF UNEXPIRED LEASES**

8334 Leesburg Pike Associates ("8334 Leesburg"), though counsel, hereby files this Limited Objection to Debtor's Motion to Approve Rejection of Unexpired Leases (the "Limited Objection"), and in support states as follows:

**JURISDICTION AND VENUE**

1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

2.    On December 15, 1998, Fitness Resource, Inc. (the "Debtor") entered into a Lease with 8334 Leesburg Pike Associates related to certain commercial property (the "Lease"), namely an approximately 6,794 square foot store (the "Store") located at 8334 Leesburg Pike, Vienna, Virginia (the "Property").  The Commencement Date of the

Lease was February 1, 1999. The term of the Lease was for five years from the date of execution.

3. On May 10, 2003, the Debtor exercised its option to extend the Lease and extended the term an additional five years, through and including January 31, 2009. Thereafter, the Debtor again extended the Lease an additional five years, and under the second extension of the Lease, the term of the Lease runs though and including January 31, 2014.

4. On September 9, 2011 (the "Petition Date"), the Debtor filed a Motion to Approve Rejection of Unexpired Leases (the "Motion to Reject"). In the Motion to Reject, the Debtor sought authority to reject certain unexpired leases, including the Lease. The Debtor also sought to make that rejection effective as of September 6, 2011. Finally, the Debtor requested that counterparties to the rejected unexpired leases not be allowed to set off or otherwise dispose of monetary deposits related to those leases absent approval of the Court.

## ARGUMENT

**A. Retroactive Rejection Date.**

5. 8334 Leesburg does not object to the rejection of the Lease by the Debtor. 8334 Leesburg's objection is limited to the Debtor's request that the rejection date of the unexpired leases be effective as of September 6, 2011.

6. Under 11 U.S.C. § 365(d)(3), a debtor must perform all obligations owing under a lease, particularly the obligation to pay rent at the contract rate, until the lease is rejected. *In re At Home Corp.*, 392 F.3d 1064, 1068 (9th Cir. 2004); *In re Thinking Machines Corp.*, 67 F.3d 1021 (1st Cir. 1995). The purpose of Section 365(d) is to protect

the interest of commercial landlords who are unfairly disadvantaged because they are forced to extend credit to a debtor, in the form of rent, during the pendency of a reorganization. *In re At Home Corp.*, 392 F.3d at 1068. Congress has determined that a commercial tenant shall have the obligation to pay the full contractual rate of rent until the lease is rejected. *Id*. at 1069. Finally, rejection of a lease is only effective upon the entry of a court order approving a debtor's motion to reject. *Id; In re Thinking Machines, 67 F.3d at 1025*.

7.  Bankruptcy courts in approving the rejection of commercial leases have, in certain limited situations, exercised their equitable authority to order a retroactive effective date for the rejection.[1]  *In re Thinking Machines Corp.*, 67 F.3d 1021 (1st Cir. 1995) (dicta);  *In re CCI Wireless, LLC*, 297 B.R. 113, 138 (D. Co. 2003); *In re Chi-Chi's, Inc*., 305 B.R. 396, 399 (Bankr. D. Del. 2004).  However, a court should only establish a retroactive rejection date in exceptional circumstances. *In re O'Neil Theatres, Inc.*, 257 B.R. 806, 808 (Bankr. E.D. La. 2000)

8.  Bankruptcy courts have considered several factual factors to assist in determining whether the circumstances justify a retroactive rejection date, including: (a) whether the Debtor sought to reject the lease immediately after filing the bankruptcy case; (b) the Debtor's prompt action in setting a hearing date; (c) whether the Debtor occupied the property; and (d) whether the landlord has an inappropriate motivation in opposing the retroactive rejection date. *See generally*, *In re at Home Corp*., 392 F.3d at 1072.  In most cases approving the retroactive rejection of a lease, the most important

---

[1]  In the Motion to Reject, the Debtor requests that the rejection of such leases be effective September 6, 2011. Because the Debtor's bankruptcy petition was not filed until September 9, 2011, the court does not have the statutory or equitable authority to order a rejection date effective prior to the Petition Date. *See In re O'Neil Theatres, Inc*., 257 B.R. 806, 808 (Bankr. E.D. La. 2000) (court may not make rejection date retroactive to a date before filing of the bankruptcy petition).

factual consideration is whether the debtor has vacated the premise. *Id.*; *In re CCI Wireless, LLC*, 297 B.R. at 140; *In re Chi-Chi's, Inc.,* 305 B.R. at 396 (determining appropriate date for retroactive rejection was the date the debtor vacated the property).

9.  Although the Debtor filed the Motion to Reject on the Petition Date, on September 13, 2011, the Debtor provided Notice that the hearing on the Motion to Reject related to the Lease was continued until October 4, 2011.  Accordingly, notwithstanding the timely filing of the Motion to Reject, there has been a significant delay in the holding of a hearing on this matter, and the Debtor's rejection of the Lease.  This delay has caused an additional rent payment to come due under the Lease.  Furthermore, this delay is in no way attributable to 8334 Leesburg.

10.  More importantly, the Debtor is still occupying the Store.  Here, the Debtor has remained in possession of the Store, and 8334 Leesburg has been unable to retake possession of or re-let the Store.  Finally, unlike many cases in which retroactive rejection has been approved, 8334 Leesburg has not acted to delay the Debtor from rejecting the lease, nor acted in a manner that suggests that 8334 Leesburg is motivated by obtaining administrative rent rather than re-letting the leased property. *In re at Home Corp.*, 392 F.3d at 1074; *In re Jamesway Corp.*, 179 B.R. 33, 38 (S.D.N.Y. 1995).

11.  In conclusion, the Court must make an equitable determination regarding whether to retroactively make the Debtor's rejection of the Lease effective as of September 9, 2011.  Retroactive rejection is the exception, not the rule, and inappropriate based on the equities of this case.

### B. 8334 Leesburg's Right to Security Deposit.

12. Although the Debtor is correct that 8334 Leesburg must apply to this Court before setting-off any monetary security deposit against amounts owed from the Debtor to 8334 Leesburg, it is undisputed that 8334 Leesburg is entitled to this set-off. 11 U.S.C. § 553. Additionally, 8334 Leesburg is a secured creditor to the full extent of the security deposit. 11 U.S.C. § 506(a); *Citizens Bank of Md. v. Strumpf*, 516 U.S. 16, 20 (1995) (citing 11 U.S.C. § 553(a) for the proposition that any right of setoff a creditor possessed prior to the bankruptcy filing is not affected by the Bankruptcy Code).

13. Notwithstanding the Debtor's request that counterparties to the rejected leases be prohibited from setting off monetary deposits without prior approval of the Court, 8334 Leesburg does not waive any of its rights in any security deposit paid by the Debtor to 8334 Leesburg related to the Lease.

### CONCLUSION

WHEREFORE, 8334 Leesburg Pike Associates requests that this Court deny the Debtor's request to retroactively reject the Lease effective as of September 9, 2011, and grant such other and further relief as is just and equitable.

Date: September 23, 2011                    */s/Lawrence J. Quinn*
                                            Lawrence J. Quinn, VSB# 43119
                                            Tydings & Rosenberg LLP
                                            100 East Pratt Street, 26th Floor
                                            Baltimore, Maryland 21202
                                            410-752-9700
                                            410-727-5460 (fax)
                                            lquinn@tydingslaw.com

                                            Attorneys for 8334 Leesburg Pike Associates

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 23rd day of September, 2011, I served by first class mail, postage pre-paid a copy of the Limited Objection to Debtor's Motion to Approve Rejection of Unexpired Leases on the following:

Kermit A. Rosenberg
Butzel Long Tighe Patton, PLLC
1747 Pennsylvania Avenue, N.W., Suite 300
Washington, D.C. 2006
Attorneys for the Debtor

Michael Tully Driscoll
Office of the United States Trustee
115 South Union Street, Suite 210
Alexandria, Virginia 22314

                                              */s/Lawrence J. Quinn*
                                              Lawrence J. Quinn