IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| In re: ) | |
| ) | Case No. 11-16630-BFK |
| FITNESS RESOURCE, INC., ) | (Chapter 11) |
| ) | |
| Debtor. ) | |
| ) | |

**OPPOSITION OF LANDICE, INC. TO DEBTOR'S MOTION TO AUTHORIZE
<u>PAYMENT OF CRITICAL TRADE VENDOR</u>**

Landice, Inc. ("Landice"), by and through its undersigned counsel, hereby files its Opposition to the Debtor's Motion to Authorize Payment of Critical Vendor. The Debtor, relying solely on 11 U.S.C. § 105(a) and the Doctrine of Necessity, seeks authorization from the Court to pay approximately $1.96 million to a single prepetition unsecured creditor that the Debtor classifies as a critical vendor. Section 105(a) of the Bankruptcy Code is insufficient to support the Court's authorization of the relief requested. Moreover, the Debtor has not pled the elements required to meet the narrowly constructed remedy known as the Doctrine of Necessity. In support of its Opposition, Landice respectfully represents as follows:

<u>BACKGROUND</u>

1.      On September 9, 2011, the Debtor filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code and continues to manage its business as debtor in possession pursuant to Bankruptcy Code sections 1107 and 1108.

2.      On September 26, 2011, the Debtor filed a Motion to Authorize Payment of Critical Trade Vendor seeking approval from the Court to pay approximately $1.96 million in

1

pre-petition claims to one of its five largest fitness equipment suppliers, Johnson Health Tech NA, Inc. ("Johnson Health").

3. The Debtor currently has an agreement with Sonabank, N.A. for the interim use of cash collateral up to $3,200,000 and has filed a Motion for Approval of Debtor in Possession Financing seeking superpriority status pursuant to section 364 for an additional $800,000 to be borrowed and used as working capital and financing for business operations. (Docket Entry 36).

4. In addition to Johnson Health, the Debtor purchases fitness equipment from Life Fitness, Octane, Landice, and Hoist Fitness, accounting for seventy four percent (74%) of total purchases. *See* Declaration of David E. Nees ("Nees Declaration"), page 2 (Docket Entry 11-1). According to the Debtor, the equipment that Johnson Health provides currently accounts for 40% of Debtor's gross sales.

5. The Debtor plans to immediately begin closing thirteen of its fifteen fitness equipment and bicycle retail stores, five of which the Debtor does not plan to reopen. *See* Nees Declaration, page 3.

## AGRUMENT AND AUTHORITIES

6. The Debtor, relying on 11 U.S.C. § 105(a) and the Doctrine of Necessity, asserts that it must pay Johnson Health approximately $1.96 million in pre-petition claims in order to "facilitate essential postpetition vendor support" so that it can remain in business. The Debtor has failed to illustrate how section 105(a) is sufficient to support its position and does not, and cannot, argue that this payment would meet the standard for critical vendor payments under the Doctrine of Necessity.

7. Section 105(a) of the Bankruptcy Code does not, in and of itself, allow a bankruptcy judge to authorize full payment of any unsecured debt, unless all unsecured creditors

in the class will be paid in full.  *Kmart Corp. v. Knight Ridder (In re Kmart Corp.)*, 359 F.3d 866 (7th Cir. 2004); *Official Committee of Equity Security Holders v. Mabey,* 832 F.2d 299 (4th Cir. 1987).   Distributions to unsecured creditors are to be made pursuant to a Plan of Reorganization that has been properly confirmed.  *See Mabey,* 832 F.2d at 302.  Here, the Debtor is proposing to pay only one unsecured creditor in full while leaving other unsecured creditors unpaid.

8. The Doctrine of Necessity only allows for pre-plan payment of prepetition obligations if there is a compelling business need or substantial necessity other than the mere appeasement of a major creditor.  *In re NVR L.P.*, 147 B.R. 126, 127-28 (Bankr. E.D.Va. 1992). What was once a narrowly constructed equitable remedy was abused in recent years as a means to routinely appease the demands of creditors.  *See In re Kmart Corp.*, 359 F.3d 866.  Recent cases, including *In re United American, Inc., NVR L.P.* and *Kmart Corp.* have corrected those abuses and set forth more stringent requirements for debtors seeking to pay alleged critical vendors.

9. The Court in *In re United American, Inc.,* confirming the notion that the Doctrine of Necessity must be narrowly construed and sparingly applied, set forth a three part test to determine if the requirements have been met: (1) the vendor must be necessary for the successful reorganization of the debtor; (2) the transaction must be in the sound business judgment of the debtor; and (3) the favorable treatment of the critical vendor must not prejudice other unsecured creditors.  327 B.R. 776 (Bankr. E.D. Va. 2005) (Mayer, J.); *see also In re Corner Home Care, Inc.*, 438 B.R. 123, 127 (Bankr. W.D. Ky. 2010) (adopting this three prong test).

I. **DEBTOR FAILS TO SHOW THAT THE CRITICAL VENDOR PAYMENTS ARE NECESSARY**

10. The first prong of the test, necessity, requires that there be no practical or legal alternative to the proposed payment.  *In re United American, Inc.*, 327 B.R. at 782; *see also In re*

3

*NVR L.P.*, 147 B.R. 126 (Bankr. E.D.Va. 1992) (examining other courts' treatment of the necessity rule and explaining that it is a "rule of necessity and not one of convenience"). This means (a) that there is no other vendor available, even a more expensive vendor, and (b) that there is no other means by which the debtor can obtain the vendor's cooperation, all other routes having been exhausted. *In re United American, Inc.*, 327 B.R. at 782. The vendor's mere stated intent not to provide goods in the future is generally not sufficient to show a lack of cooperation; rather, it requires a determination of his actual intent with respect to a future action or inaction. *Id*. at 783.

11. In *United American*, the debtor sought to make critical vendor payments to an electrical subcontractor and a cabinet supplier in order to finalize a commercial construction project that had stalled. *Id*. at 780. With respect to the cabinet supplier, the court found that none of the work had been performed and that the cabinet design was not unique, and determined that the cabinets were a fungible product that could be ordered from another manufacturer. *Id*. at 783-84. The court also declined to find that the electrical supplier was critical because there was not convincing evidence that other subcontractors were unable or unwilling to undertake the job and no evidence to show that the debtor had made efforts to find a replacement. *Id*. at 783.

12. Upon information and belief, other vendors are available to supply fitness equipment to the Debtor. The Debtor fails to show how Johnson Health is unique in comparison to its four next largest suppliers of fitness equipment that include Life Fitness, Octane, Hoist Fitness, and Landice. Nor does the Debtor make any reference to negotiations with any other vendors regarding agreements to supply inventory. Instead, the Debtor simply makes a conclusory statement that Johnson Health is a "highly specialized vendor critical to reorganization." Even if some of the Debtor's other vendors prove to be more expensive than

4

Johnson Health, the Debtor has failed to show that no other vendors could fulfill the Debtor's inventory needs.

13. The $1.96 million dollar payment may not be the only means by which Johnson Health would consider furnishing additional fitness equipment in the future. There is no reference in the motion or in the Nees Declaration as to any negotiations between the Debtor and Johnson Health regarding reduced or partial payment of the prepetition debts. In fact, the Debtor only states that a failure to satisfy these prepetition claims "may render the Debtor unavailable to obtain necessary inventory." Debtor's Motion, paragraph 7 (Docket Entry 64). It is far from certain that the Debtor has exhausted all other routes to obtaining this creditor's cooperation.

14. There is no evidence to support the claims that Johnson Health plans to cease doing business with the Debtor unless the prepetition claim is paid. The Debtor alludes to possible reclamation demands, section 546 claims, and Article 2 actions, but there are no current pending actions or claims to support this speculation.

15. All three prongs must be satisfied in order for the Debtor to prevail. The Debtor cannot satisfy the necessity requirements; therefore Debtor's motion must fail. *See United American, Inc.*, 327 B.R. at 784, n. 3.

## II. DEBTOR FAILS TO SHOW THAT PAYMENTS TO THIS VENDOR ARE A SOUND BUSINESS JUDGMENT

16. The second prong of the Doctrine of Necessity analysis looks to the sound business judgment of the Debtor to ensure that even if a vendor is considered critical, the rights of all creditors must be taken into account. *In re United American, Inc.*, 327 B.R. at 783-84. Here, the remedy must be crafted to the circumstances of the case so that the proposed payment does not become a windfall for the alleged critical vendor. *Id*. at 784. For example, part of an adequate remedy must ensure the debtor of the critical vendor's future performance so that a

5

vendor could not simply accept the pre-petition payment and then terminate an "at-will" relationship. *Id*. In some cases, such as *United American*, the debtor does not meet the business judgment standard because the amount required to receive full performance from the proposed vendor far exceeds the cost of substituting another vendor. *Id*.

17. The Debtor fails the second prong of the Doctrine of Necessity analysis because the Debtor does not provide any assurance that Johnson Health has a binding obligation to complete the contract once the prepetition payment is made. Additionally, the Debtor does not provide any information regarding the amount of inventory that Johnson Health will provide in proportion to the $1.96 million prepetition debt. The Debtor indicates that it plans to close thirteen of its fifteen retail locations immediately, but fails to explain how this might have an impact upon its inventory needs in the coming months. Finally, it is possible that other vendors could be substituted to provide inventory on equal or better terms.

### III. THE PREJUDICE TO OTHER CREDITORS FAR OUTWEIGHS THE BENEFIT TO THE DEBTOR

18. The third prong of the Doctrine of Necessity examines the prejudice to other creditors that could arise from the proposed prepetition payment of the critical vendor. *Id*. at 784. At its core, this prong protects the principal of equal treatment of unsecured creditors, rather than prejudicing (or benefitting) one creditor as opposed to others. *Id*.

19. Other unsecured creditors in the same class as Johnson Health would be prejudiced by the Debtor satisfying one significant prepetition debt and not others. Debtor has not provided the Court or other creditors with any analysis regarding the benefits of this payment, other than to suggest that the flow of inventory would be cut off if payment is not made. Currently the Debtor has little cash on hand, accounts receivable totaling approximately $1.6 million, and is seeking an additional $800,000 in postpetition DIP financing. While the

uses of the proposed DIP facility are unclear, it may be that the Debtor intends to use the facility to fund the proposed payment to Johnson Health. The source of the remainder of the proposed payment may be coming from Debtor's cash and/or accounts receivable, depriving other unsecured creditors of payment sources.

20.  In order for the Court to authorize critical vendor payments, the Debtor must satisfy all three prongs of the Doctrine of Necessity. *United American, Inc.*, 327 B.R. at 784, n. 3.  The Debtor cannot satisfy the necessity requirements, the business judgment prong, or show that this action will not prejudice other creditors in the same class; therefore Debtor's motion must fail.

WHEREFORE, Landice, Inc. respectfully requests that the Court enter an order denying the Debtor's Motion to Authorize Payment of Critical Trade Vendor, and granting such other and further relief as may be just and proper.

Dated:  October 11, 2011   By:   */s/ Stephen K. Gallagher*
Stephen K. Gallagher (VSB No. 38085)
VENABLE LLP
8010 Towers Crescent Drive
Suite 300
Tysons Corner, VA 22182
Phone:  (703) 760-1600
Fax:  (703) 821-8949
skgallagher@venable.com

*Counsel to Landice, Inc.*

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11TH day of October, 2011, copies of the foregoing Opposition of Landice, Inc. to Debtor's Motion to Authorize Payment of Critical Trade Vendor were served electronically on the Court's Electronic Case Filing System to the parties listed below and/or via first class U.S. mail postage prepaid, to the parties on the attached service.

                                                                                                                   /s/ Stephen K. Gallagher
                                                                                                                    Stephen K. Gallagher

Service by electronic transmission:

- Lawrence J. Anderson
- Heather D. Brown
- Michael Tully Driscoll
- Belkys Escobar
- W. Clarkson McDow, Jr.
- Kevin M. O'Donnell
- Constantinos G. Panagopoulos
- Lawrence Joseph Quinn
- Kermit A. Rosenberg
- William H. Schwarzschild

By first class United States mail, postage prepaid:

| | | |
|---|---|---|
| Kermit A. Rosenberg, Esquire<br>Butzel Long Tighe Patton, PLLC<br>1747 Pennsylvania Avenue, N.W.,<br>Suite 300<br>Washington, D.C. 20006-4604 | Hampton Fitness Products<br>1913 Portola Road<br>Ventura, CA 92126 | Scott B. Fleming, Esq.<br>Weiss Berzowski Brady LLP<br>700 N. Water Street<br>Milwaukee, WI 53202 |
| David E. Ness, Debtor Designee<br>22714 Glenn Drive, Suite 130<br>Sterling, Virginia 20164 | Hoist Fitness<br>9990 Empire Street, Suite 130<br>San Diego, CA 92126 | Octane Fitness, LLC<br>P. O. Box 1521<br>Minneapolis, MN 55480-1521 |
| Michael T. Driscoll, Esquire<br>Office of the United States Trustee<br>115 South Union Street, Ste. 210<br>Alexandria, Virginia 22314 | JWW, LLC of Chantilly<br>7740 Legere Court<br>McLean, VA 22102 | Route Triple Seven, LP<br>2900 Telestar Court<br>Falls Church, VA 22042-1206 |

| | | |
|---|---|---|
| Johnson Health Tech North America, Inc.<br>c/o Scott B. Fleming<br>700 N. Water St., #1400<br>Milwaukee, WI 53202 | Kevin M. O'Donnell, Esq.<br>Henry & O'Donnell, P.C.<br>300 North Washington Street, Suite 204<br>Alexandria, VA 22314 | Sonabank, N.A.<br>10855 Fairfax Boulevard<br>Fairfax, VA 22030 |
| 8334 Leesburg Pike Associates<br>5869 Westheimer Road<br>Houston, TX 77057-5616 | James E. Autry, Esq.<br>Culin, Sharp, Autry, and Day, P.L.C.<br>4124 Leonard Drive<br>Fairfax, VA 22030 | Street Retail, Inc.<br>1626 East Jefferson Street<br>Rockville, MD 20852-4041 |
| Good Earth Investment, LLC<br>47624 Paulsen Square<br>Sterling, VA 20165 | LeMond Fitness, Inc.<br>Dept. CH 19068<br>Palatine, IL 60055-9068 | SwanBlossom Investment, LP<br>1335 Canton Road, #D<br>Marietta, GA 30066 |
| Acorn Associates L.P. Phase I<br>9302 Lee Highway, Suite 300<br>Fairfax, VA 22031 | Marcher Consultants, Inc.<br>8230 Leesburg Pike, Suite 610<br>Vienna, VA 22182 | TransDulles Centre<br>4900 Seminary Road<br>Suite 900<br>Alexandria, VA 22311 |
| Constantinos G. Panagopolous, Esq.<br>Ballard Spahr LLP<br>601 13th Street, NW<br>Suite 1000 South<br>Washington, DC 20005 | Mattress Discount Group LLC<br>14008 Lee Jackson Highway<br>Unit B<br>Chantilly, VA 20151 | Zebra Properties LLC<br>4655 Millbrook Drive NW<br>Atlanta, GA 30327-3546 |
| Fitness Resource, Inc.<br>ATTN: David Nees, President<br>22714 Glenn Drive, Suite 130<br>Sterling, VA 20164 | Mill Creek DEI, LLC<br>6200 Dutchmans Lane, Ste. 3307<br>Louisville, KY 40205 | Pacemaster, LLC<br>34 Fairfield Place<br>West Caldwell, NJ 07006 |
| Fredericksburg 35, LLC<br>8405 Greensboro Drive, Suite 830<br>McLean, VA 22102-5121 | Donald F. King, Esq.<br>Odin, Feldman & Pittleman, PC<br>9201 Lee Highway, Suite 1100<br>Fairfax, VA 22031-1214 | Lawrence J. Anderson, Esq.<br>Pels Anderson L.L.C.<br>4833 Rugby Ave., 4th Floor<br>Bethesda, MD 20814 |

| | | |
|---|---|---|
| Freedom Bank<br>10555 Main Street<br>Suite 550<br>Fairfax, VA 22030 | Lawrence J. Quinn, Esq.<br>Tydings & Rosenberg LLP<br>100 East Pratt Street, 26th Floor<br>Baltimore, MD 21202 | Fitness Equipment Stores, LLC<br>22714 Glenn Drive, Suite 130<br>Sterling, VA 20164 |
| Frontier Drive Metro Center, LP<br>ATTN: Asset Manager<br>1701 Pennsylvania Ave., NW.,<br>Suite 1050<br>Washington, DC 20006-5805 | William H. Schwarzschild, III, Esq.<br>Williams Mullen<br>P.O. Box 1320<br>Richmond, VA 23218-1320 | |