UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:

FITNESS RESOURCE, INC.,

    Debtor,

Case No. 11-16630
(Chapter 11)

**CONSENT ORDER GRANTING DEBTOR'S MOTION TO REJECT LEASE WITH SWANBLOSSOM INVESTMENTS, L.P. AND AWARDING ADMINISTRATIVE CLAIM TO SWANBLOSSOM FOR POST-PETITION RENT AND CHARGES**

Before the Court is Debtor's Motion to Approve Rejection of Unexpired Leases [Doc. No. 6] (the "Rejection Motion") and Swanblossom Investment, L.P.'s ("Swanblossom") Limited Objection to the Rejection Motion [Doc. No. 80] (the "Limited Objection"). The Rejection Motion was scheduled for a hearing on October 18, 2011.

Swanblossom is Debtor's landlord for certain space consisting of approximately 3,447 square feet located in the Perimeter Square West Shopping Center and having an address of 1165 Perimeter Center West, Suite 340, Atlanta, Georgia 30346 (the "Premises") pursuant to a Lease Agreement dated April 20, 2011 and amended on March 27, 2006, January 31, 2009 and September 16, 2010 (collectively the "Perimeter Lease"). The Perimeter Lease does not expire until March 31, 2017.

As evidenced by the signatures below, the parties have consented to the entry of this Consent Order to resolve the Limited Objection to the Rejection Motion.

The Court finds that proper and adequate notice of the Rejection Motion and Limited Objection has been given under the circumstances and that no other or further notice is necessary and that the rejection of the Perimeter Lease in accordance with the terms stated herein is in the best interests of Debtor, its estate, its creditors, and other parties in interest. It is therefore

Page 1

ORDERED as follows:

1. The Rejection Motion, as it relates to the Perimeter Lease, is granted, subject to the terms of this Consent Order.

2. The Perimeter Lease shall be rejected effective October 18, 2011.

3. Effective October 19, 2011, Swanblossom is awarded full and exclusive possession of the Premises and may reenter the Premises without further order of any court.

4. Any personal property left in the Premises as of October 19, 2011 shall be deemed abandoned to Swanblossom and Swanblossom is authorized to dispose of any such property in its sole and absolute discretion. Swanblossom's right to seek recovery of any costs it may incur in disposing of personal property left in the Premises by Debtor after October 19, 2011 is not affected by this Consent Order.

5. Swanblossom is holding a security deposit in the amount of $9,766.50. Swanblossom is authorized to apply the security deposit to rent and charges due for September 9 through October 18, 2011.

6. As of the date of this Consent Order, Debtor's post-petition obligation to Swanblossom from September 9, 2011 through the effective date of the lease rejection totals $15,532.07 and is reduced to $4,765.57 after application of the security deposit. Swanblossom is hereby awarded an administrative claim in the sum of $4,765.57. The provisions of this Consent Order to do not prevent Swanblossom from seeking an additional order from this Court regarding payment of any additional post-petition charges that may come due pursuant to the Perimeter Lease but that have not accrued as of the date of this Consent Order.

7. Any claim of Swanblossom relating to the Perimeter Lease shall be filed by the later of (i) the deadline established in this case for filing proofs of claim, or (ii) 30 days after the

later of (a) entry of this Consent Order, or (b) delivery of possession of the Premises to Swanblossom.

       8.      Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Consent Order.

       9.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Consent Order shall be immediately effective and enforceable upon entry.

      10.     This Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

Dated: _____          _____
      Alexandria, Virginia            **BRIAN F. KENNEY**
                                      Judge, U.S. Bankruptcy Court

                                      Entered on Docket: _____

We ask for this:

| | |
|---|---|
| /s/ Kermit A. Rosenberg | /s/ Heather D. Brown |
| Kermit A. Rosenberg (VSB No. 14975) | Heather D. Brown (VSB 45303) |
| Butzel Long Tighe Patton, PLLC | Kitchens Kelley Gaynes, P.C. |
| 1747 Pennsylvania Avenue, N.W., Suite 300 | Eleven Piedmont Center, Ste 900 |
| Washington, D.C. 20006-4604 | Atlanta, Georgia 30305 |
| Telephone: (202) 454-2800 | Telephone: (404) 237-4100 |
| *Counsel for Fitness Resource, Inc.* | *Counsel for Swanblossom Investments, L.P.* |

Copies to:

Kermit A. Rosenberg

Heather D. Brown

Prepared by and Consented to:

KITCHENS KELLEY GAYNES, P.C.

By: /s/ Mark A. Kelley
    Georgia Bar No. 412325
    David F. Cooper
    Georgia Bar No. 185326
    Heather D. Dawson
    Georgia Bar No. 100169
ATTORNEYS FOR MOVANTS
Suite 900
11 Piedmont Center
3495 Piedmont Road, N.E.
Atlanta, Georgia  30305
(404) 237-4100

CONSENTED TO:

MACEY, WILENSKY & KESSLER, LLC

By:/s/_____
    Frank B. Wilensky
    Georgia Bar No. 758700
    William A. Rountree
    Georgia Bar No. 616503
ATTORNEYS FOR DEBTOR
Suite 600 - Marquis Two Tower
285 Peachtree Center Avenue NE
Atlanta, Georgia 30303-1229
(404) 584-1200

## DISTRIBUTION LIST

Kermit A. Rosenberg
Butzel Long Tighe Patton, PLLC
1747 Pennsylvania Avenue, N.W., Suite 300
Washington, D.C. 20006

Mark Kelley
David Cooper
KITCHENS KELLEY GAYNES, P.C.
Suite 900
11 Piedmont Center
3495 Piedmont Road, N.E.
Atlanta, Georgia  30305

Frank B. Wilensky
William A. Rountree
MACEY, WILENSKY & KESSLER, LLC
Suite 600 - Marquis Two Tower
285 Peachtree Center Avenue NE
Atlanta, Georgia 30303-1229

Digital Tigers, Inc.
2970 Clairmont Rd., N.E.
Suite 300
Atlanta, Georgia 30329

Office of the U.S. Trustee
Attn:  Leroy Culton
Suite 362
75 Spring Street
Atlanta, Georgia 30303